1  STANLEY L. GIBSON (047882)
   JOSHUA E. KIRSCH (179110)
2  JOSHUA A. SOUTHWICK (246296)
   GIBSON ROBB & LINDH LLP
3  100 First Street, 27th Floor
   San Francisco, California 94105
4  Telephone: (415) 348-6000
   Facsimile: (415) 348-6001
5  Email: sgibson@gibsonrobb.com
          jkirsch@gibsonrobb.com
6         jsouthwick@gibsonrobb.com

7  Attorneys for Plaintiff
   MATTEL, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          WESTERN DIVISION

12

13  MATTEL, INC., a corporation;                 )  Case No.   CV10 0681 R (CWx)
                                                 )  Case No.   CV10 03127 R
14                                               )
              Plaintiffs,                        )  [CONSOLIDATED ACTIONS -
15                                               )  Assigned to the Hon. Manuel L. Real
         v.                                      )  under the lead case number specified
16                                               )  above]
    BNSF RAILWAY COMPANY, a                      )
17  corporation;                                 )
                                                 )  **PROTECTIVE ORDER**
18            Defendant.                         )
                                                 )
19  ─────────────────────────────                )
                                                 )
    MATTEL, INC., a corporation;                 )
20                                               )
              Plaintiff,                         )
21                                               )
         v.                                      )
22                                               )
    M/V "CMA-CGM VIVALDI" her                    )
23  engines, boilers, etc., and CMA-             )
    CGM, S.A.,                                   )
24                                               )
              Defendants.                        )
25                                               )

26       1.   The following procedure shall govern the production of all materials

27  during discovery in this action, including, but not limited to, answers to

28  interrogatories, requests for admissions, all documents produced by parties or non-

1  parties, responses to subpoenas *duces tecum*, deposition testimony, and
2  information contained therein, and information provided during any settlement
3  discussions (hereinafter collectively the "discovery materials") that are designated
4  as confidential pursuant to paragraph 2 below, including all copies, excerpts,
5  summaries and information derived from them (collectively "confidential
6  materials").

7  　　　　2.　　Any party or non-party producing discovery materials may designate
8  discovery materials as "Confidential."  As a general guideline, information or
9  materials designated as "Confidential" shall be those things that may be disclosed
10 to the parties for the purposes of this litigation, but which must be protected against
11 disclosure to third parties.

12 　　　　3.　　Any party or non-party who produces documents or computer media
13 or gives testimony in this action may designate information as "Confidential" in
14 the following manner:

15 　　　　　　A.　　<u>Designation of Documents</u>: Any "document" (defined herein as
16 including, but not limited to exhibits, documents and things, including prototypes
17 and samples, answers to discovery such as interrogatories and responses to requests
18 for admission, motions, briefs, memoranda, deposition or hearing transcripts and
19 oral answers to deposition questions, and copies of any of the foregoing) produced
20 or given by any party during discovery, hearings or trial in this case which sets
21 forth or contains any "Confidential" information (as defined above) may be
22 designated by a party or other producing party with the notation
23 that it is "Confidential."  The notation "Confidential" shall be placed on every page
24 of each document so designated.

25 　　　　　　B.　　<u>Designation of Computer Media</u>: Any "Confidential"
26 information produced on magnetic disks or other computer-related media may be
27 designated as such by labeling each disk "Confidential" prior to production.  In the
28 event a receiving party generates any "hard copy" or printout from any such disks,

1  that party must immediately stamp each page "Confidential" and the hard copy or
2  printout shall be treated as provided herein for such categories.

3      C.    <u>Designation of Deposition Testimony</u>: Deposition testimony
4  may be designated "Confidential" by oral designation on the record, or within ten
5  (10) days after the transcript of such deposition is made available to the
6  designating party.  The person making the designation shall instruct the court
7  reporter to separately bind the portions of the deposition transcript so designated,
8  and to stamp the words "Confidential" on each page of the transcript as
9  appropriate.  Pending expiration of this ten (10) day period, all parties shall treat
10 the testimony and exhibits as if such materials had been designated as
11 "Confidential."

12     4.    A party may, at any time, serve written notice of its objections to the
13 designation of any discovery materials as confidential materials.  The parties shall
14 then informally attempt to resolve their dispute.  If they are unable to do so, the
15 party challenging the designation shall bring a motion for an order that the
16 discovery materials at issue not be so designated.  During the pendency of the
17 motion, the discovery materials at issue shall be treated in accordance with their
18 designation.

19     5.    Confidential materials may not be disclosed except as set forth in
20 Paragraph 6 below.  Confidential materials shall be used solely for the purposes of
21 this litigation and shall not be used for any business or other purpose.  The
22 restrictions on use of confidential materials set forth in this Order shall survive the
23 conclusion of the litigation, and, after conclusion of this litigation, the Court shall
24 retain jurisdiction for the purpose of enforcing this Order.

25     6.    Confidential materials may be disclosed only to the following:
26     A.    Counsel of record for any party to this action, including in-
27 house counsel for the parties;
28 ///

    B.    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (A) above;

    C.    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action; and

    D.    Any consultant or expert, not including a party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms.  This acknowledgment shall be made by execution of the undertaking attached to this Order as Exhibit A.

    E.    (A) A party, or any officer, director, employee or former employee of a party or any officer, director, employee or former employee of a parent, subsidiary or affiliate of a party, (B) disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that (C) such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Order by execution of the attached Exhibit A.

7.    Nothing contained in this Order shall preclude any party at deposition from showing any confidential materials or disclosing information derived therefrom to any witness employed by or affiliated with the party designating such materials as "Confidential."  Confidential materials may be shown or disclosed to other witnesses during deposition and/or trial preparation who are authorized to receive such information by the terms of Paragraph 6 of this Order.

8.    Before any party may file with the Court any documents, transcripts of deposition, answers to interrogatories or pleadings using, referring to or incorporating Confidential materials, that party shall file an Application with the Court that the document, discovery response or deposition transcript be filed under seal pursuant to Civil Local Rule 79-5 of the United States District Court for the

1  Central District of California.  All copies of such papers shall be kept in confidence
2  by the other parties as provided in this Order.

3      9.    This Order, the fact of its adoption or entry, and any provision of this
4  Order or form attached to this Order, shall not be admissible for any purpose of this
5  litigation, except to the extent necessary to enforce the terms of this Order.

6      10.    Nothing in this Order shall prevent a damages expert retained by a
7  party from communicating a sum/damages figure to a party.

8      11.    Nothing in this Order (A) affects, in any way, the admissibility of any
9  documents, testimony, or other evidence at trial or used at deposition; (B) restricts
10 the use of information obtained from sources other than discovery, motion practice,
11 or voluntary disclosure of information by any party conducted under the terms of
12 this Order; or (C) prevents disclosure beyond the terms of the Order if the party
13 designating the confidential materials consents to such disclosure, or if the Court,
14 after notice to all affected parties, orders such disclosure.

15     12.    A party's use for any purpose of its own documents and other things,
16 which it produces or discloses in this action, shall not be considered a violation of
17 the Order.

18     13.    No party shall be responsible to another party for any use made of
19 information produced and not identified by the producing party as confidential
20 information in accordance with the provisions of this stipulated protective order.

21     14.    The inadvertent or unintentional disclosure by the producing party of
22 confidential materials shall not be deemed a waiver, in whole or in part, of the
23 confidential nature of such material, and, if so designated at any time, the
24 confidential materials so disclosed shall be governed by, and subject to, the terms
25 of this Order.  In the case of such an inadvertent production or disclosure of
26 confidential materials, and re-designation thereof by the producing party, nothing
27 herein shall create liability for the party receiving such inadvertently disclosed
28 / / /

1  information, so long as the receiving party takes reasonable steps to retrieve the
2  materials after the producing party has re-designated them.

3      15.    Should any person bound hereby receive a subpoena, civil
4  investigation demand, or other process from a third party that may be construed to
5  require the disclosure of confidential materials in any form, said person shall give
6  notice immediately to the party who designated the information that is sought.

7      16.    The procedures set forth herein shall not affect the rights of the parties
8  to object to discovery on the grounds other than those related to the confidentiality
9  of the documents, nor shall it relieve a party of the necessity of proper responses or
10 objections to discovery requests, nor shall it preclude any party from seeking
11 further relief or protective orders from the Court as may be appropriate.

12     17.    Within sixty (60) days after the termination of this litigation and the
13 expiration of the time for appeal, all originals and copies of any documents
14 containing confidential materials, and all extracts of such documents, shall be
15 returned to the party who produced such documents or destroyed, unless that party
16 otherwise agrees in writing.

17     18.    This Order may only be modified by written agreement of the parties,
18 subject to the approval of the Court, or by the Court upon good cause show.

19     Based on the foregoing stipulation, and good cause appearing therefor,
20 IT IS SO ORDERED.

21
22 Dated: July <u>12</u>, 2010
                           Honorable Manuel L. Real
23                            United States District Judge

24
25     The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction (R).

26
27
28

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a corporation;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY, a corporation;<br><br>　　　　Defendant.<br><hr>MATTEL, INC., a corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M/V "CMA-CGM VIVALDI" her engines, boilers, etc., and CMA-CGM, S.A.,<br><br>　　　　Defendants. | Case No.　CV10 0681 R (CWx)<br>Case No.　CV10 03127 R<br><br>[CONSOLIDATED ACTIONS - Assigned to the Hon. Manuel L. Real under the lead case number specified above]<br><br>**UNDERTAKING RE: STIPULATED PROTECTIVE ORDER** |

I, _____, declare as follows:

I have read the STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS ("Order") entered in the above-captioned lawsuit, and know the contents thereof. I agree to be bound by the provisions of the Order. I understand and agree that I shall not use or disclose, in public or in private, any confidential materials or information contained therein, or information derived therefrom, without the prior written consent of the designating party, or as otherwise set forth in the Order, or permitted or required by an order of the Court.

1.    I agree that I will not keep any originals or copies of documents or other materials designated CONFIDENTIAL for any purpose, unless such documents or other materials were in my possession prior to the commencement of this litigation.

2.    I agree that I will not retain any originals or duplicate copies of documents or other materials designated CONFIDENTIAL by the opposing side of this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 2010, at _____.

                                                                _____